IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:09cv877-MHT |
| | ) |
| UNITED STATES DISTRICT COURT, | ) |
| | ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiff's Complaint (Doc. #1) and motion for leave to proceed in *forma pauperis* (Doc. #2). On December 20, 2010, this case was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. #3). In his Complaint, Plaintiff alleges that the United States District Court for the Middle District of Alabama, Eastern Division, has violated his constitutional rights by not granting him relief on the myriad lawsuits he has filed in this court over the last few years. For the reasons stated below, it is the RECOMMENDATION of the Magistrate Judge that the Complaint be DISMISSED prior to service on Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

## DISCUSSION[1]

Coggins's claims against the United States District Court for the Middle District of Alabama are frivolous and based on an indisputably meritless legal theory. As a part of the government of the United States of America, the United States District Court for the Middle District of Alabama is entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity. *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

Even if the Court were to construe Plaintiff's action as a *Bivens* action,[2] the action is meritless. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, Coggins claims against the

---

[1] Readers of opinions related to Coggins will undoubtedly be familiar with the language of this Recommendation. Coggins has at least twice before filed suit against the district court, and the undersigned has taken much, if not most, from the language of this Recommendation to the opinions written in those cases. *See Coggins v. United States District Court Middle District of Alabama, et al*, 08cv295 (M.D. AL 2008) and *Coggins v. United States District Court, Eastern Division, et al*, 09cv40 (M.D. AL 2009).

[2] While Coggins does not explicitly claim to be bringing a *Bivens* action, this is one of the few ways to bring suit against a federal actor that is not barred by the doctrine of sovereign immunity.

United States District Court for the Middle District of Alabama are meritless. *See also, Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970); *Fixel v. United States*, 737 F. Supp. 593, 598 (D. Nev. 1990) (dismissing as frivolous under § 1915 suit against federal district court), *aff'd* 930 F.2d 27 (9th Cir. 1991). Similarly, any claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, is without merit. 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990).

While Coggins complains about the fact that many of his prior cases have been dismissed as frivolous by the defendant judges *sua sponte* prior to service, this practice is wholly consistent with federal law. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993); *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008). A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Id.*

The Court finds that all of Coggins's claims in this action: (1) are frivolous or

malicious;[3] (2) fail to state any claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that the Complaint be DISMISSED prior to service on Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) and the Motion for Leave to Proceed *in Forma Pauperis* (Doc. #2) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by January 19, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[3] The Court also suspects that the manifest purpose of Coggins's compliant is not to rectify any cognizable harm, but only to harass the court because he disagrees with the prior actions of this court. It is worth noting that, in similar circumstances, some courts have also characterized such claims as malicious. *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of January, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE